## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re: Chesapeake VA Holdings, LLC,                    Case No.: 21-10815-KHK
                                                                      Chapter 7
    Debtor.


CHAPARRAL ASSOCIATES, L.C.,

    Movant,

    v.                                                 **Contested Matter**

CHESAPEAKE VA HOLDINGS, LLC,

    and

DONALD F. KING, TRUSTEE,

    Respondents.

### NOTICE AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not wish the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, then within 14 days from the date of service of this Motion, you must file a written response explaining your position with the Court and serve a copy on the movant.  Unless a written response is filed and served within this 14-day period, the Court may deem opposition waived, treat the Motion as conceded, and issue an order granting the requested relief without further notice or hearing.

Ann B. Brogan, VSB No. 25567
Davey & Brogan, P.C.
101 Granby Street, Suite 300
Norfolk, VA 23510
Telephone: (757) 622-0100
Facsimile:  (757) 622-4924
Email:    ann.brogan@daveybroganpc.com
*Counsel for Chaparral Associates, L.C.*

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the expiration of the 14-day period.

Please take notice that a preliminary hearing on the Motion has been scheduled on this matter for **Wednesday, August 18, 2020 at 9:30 a.m.** before Judge Klinette Kindred, in the United States Bankruptcy Court, 200 S. Washington St., Alexandria, VA 22314-5405.  **Continuing until further notice, unless otherwise ordered, all proceedings before Judge Klinette Kindred will be conducted by video conference via Zoom for Government.  Parties wishing to participate in hearings via Zoom for Government must transmit, via e-mail, a completed PDF-fillable request form, found at https://www.vaeb.uscourts.gov/wordpress/?wpfb_dl=871 to EDVABK-ZOOM-Judge_Kindred@vaeb.uscourts.gov. This email address shall be used only to submit Zoom Requests.**

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting relief.

## MOTION

Movant, CHAPARRAL ASSOCIATES, L.C., ("Chaparral"), a secured creditor in the above captioned bankruptcy case, by counsel, respectfully moves this Court pursuant to 11 U.S.C. § 362(d) for entry of an order granting relief from and/or otherwise modifying the Automatic Stay of 11 U.S.C. § 362(a) in this bankruptcy case with respect to the interests of the Debtor in and to the following three parcels of real property (collectively, the "Chesapeake Property") located as described below and further described in the proposed Order attached hereto as **Exhibit 1**:

    a)  2000 Chesapeake Drive, Chesapeake, Virginia;
    b)  2127 Chesapeake Drive, Chesapeake, Virginia; and
    c)  2129 Chesapeake Drive, Chesapeake, Virginia.

In support thereof, Chaparral states the following:

## Parties and Jurisdiction

1.       On May 5, 2021, (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code").

2.       Donald F. King was appointed Chapter 7 trustee (the "Trustee").

3.       Chaparral is a Virginia limited liability company and a secured creditor of the Debtor.

4.       The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

5.       This matter is a core proceeding according to 28 U.S.C. § 157(b), and venue is proper under 28 U.S.C. §§ 1408 and 1409.

## Procedural History

6.       On June 10, 2021, the Trustee telephonically conducted the first meeting of creditors in accordance with 11 U.S.C. § 341 ("341 Meeting").

7.       On July 8, 2021, the Trustee filed in this Case a Request for Asset Notice.

8.       On July 11, 2021, the Clerk filed a Notice of Need to File Proof of Claim by October 12, 2021, which was mailed to creditors and parties in interest listed on the matrix for this Case.

## Factual Background

9.       The Debtor was established by filing articles of organization on August 11, 2017, with the Virginia State Corporation Commission.

10.      By Deed of Bargain and Sale dated September 29, 2017, Chaparral conveyed the Chesapeake Property to the Debtor.

11.     Chaparral is the holder of a Real Estate Note dated September 29, 2017, executed

by the Debtor in the principal amount of $ 1,750, 000.00 (the "Note").  The Note is secured by the

lien secured by a first priority deed of trust lien on the Chesapeake Property dated September 29,

2017, and recorded in Deed Book 9842, Page 833, in the Clerk's Office for the Circuit Court for

the City of Chesapeake, Virginia, as Instrument # 27876 (the "First Deed of Trust").  Copies of

the Note and First Deed of Trust are attached as **Exhibits 2 and 3**, respectively.

12.     The Note provided for interest only payments of $7,875.00 per month, with all

outstanding principal and interest due in full on October 1, 2020.

13.     The Chesapeake Property is also encumbered by a lien of a junior deed trust dated

September 30, 2017, and recorded in Deed Book 9842, Page 846, in the Clerk's Office for the

Circuit Court for the City of Chesapeake, Virginia, as Instrument # 27877 (the "Second Deed of

Trust").  The Second Deed of Trust secures payment of the "base principal sum" of $825,000.00,

"bearing interest and being payable as is more fully set forth in the Operating Agreement" to

insiders of the Debtor.[1]

14.     The Debtor failed to pay the Note as and when it came due and stopped paying

monthly interest.  Chaparral directed the trustees under the Deed of Trust to proceed to foreclosure.

The sale by public auction scheduled for May 6, 2021, was cancelled when the Debtor filed its

petition the day before.

15.     The Debtor has not paid real estate taxes and stormwater fees due the City of

Chesapeake from December 2019 through the Petition Date.[2]

16.     As of May 5, 2021, the following was due Chaparral under the Note:

---

[1] The Debtor did not identify any "officers, directors, managing members, . . ., members in control, . . . or other
people in control of the Debtor at the time of the filing of this case" in response to question 28 of the Statement of
Financial Affairs filed with the Petition.
[2] These claims are not listed on the Debtor's schedules.

| | |
|---|---:|
| Outstanding principal balance: | $1,570,000.00 |
| Unpaid interest due to May 5, 2021 | 42,685.80 |
| Late fees due to May 5, 2021 | 1,973.75 |
| Real estate taxes through December 31, 2020 | 60,820.77 |
| Collection costs to May 5, 2021 | 3,111.44 |
| Attorney 's fees to May 5, 2021 | 8,233.75 |
| **Balance due through May 5, 2021** | **$1,686,825.51** |

Interest has continued to accrue post-petition at $263.16 per day ($7,895.00 per month). Late fees accrue post-petition at $393.75 per month. Additional real estate taxes of $9,550.38 were due June 5, 2021. Chaparral continues to incur attorneys' fees and expenses and other collection costs.

17.     The Chesapeake Property are comprised of multifamily apartment buildings comprised of approximately forty-eight rental units and a small commercial strip with three to five bays, all bordering on Chesapeake Drive in the City of Chesapeake. Rents, if any, from the Chesapeake Property generate substantially all the gross income of the Debtor.[3] The Debtor did not conduct any business on the Chesapeake Property other than activities incidental to the operation of the properties. The Debtor's petition identifies the principal place of the Debtor's business as 19142 Stream Crossing Court in Leesburg, Virginia, which, upon information and belief, is a single-family home in Loudoun County.

18.     The condition of the Chesapeake Property has deteriorated and continues to deteriorate. Most of the apartments and commercial units are vacant and boarded up, with many buildings bearing signs posted by the City of Chesapeake declaring the structures unsafe and/or unfit for human occupancy.

---

[3] Other than the Chesapeake Property, the only assets the Debtor identified on its schedules were $1,000.00 cash in a Capital One checking account, $8,000.00 held by Gifford Property Management, and claims for unpaid rent of unknown value. The Debtor did not disclose any revenue in Part 1 of the Statement of Financial Affairs.

19.     The Deed of Trust requires the Debtor to carry adequate hazard insurance coverage on

the Chesapeake Property, acceptable to Chaparral, the Noteholder, with a standard mortgage clause in

all policies and renewals in favor of the Noteholder.

20.     Although the designated represented of the Debtor testified at the 341 Meeting on June

10, 2021, that insurance coverage for the Chesapeake Property had been "re-activated," six-month

coverage effective June 30, 2021, was not procured until at least July 8, 2021, and certificates in favor

of Chaparral were not issued until July 28 and July 29, 2021.

21.     The total tax assessed value of the Chesapeake Property as of the Petition Date was

approximately $2,245,000:

|  | No Rental Units | 20-21 Tax Assessment |
| --- | --- | --- |
| 2000 Chesapeake Dr. | 20 apts. | $971,200 |
| 2127 Chesapeake Dr | 20 apts. | 968,600 |
| 2129 Chesapeake Dr. | 8 apts. and strip (3-5 units) | $304,800 |
|  |  | $2,244,600 |

22.     The only creditors the Debtor identified on its schedules are the beneficiaries of the

First Deed of Trust and the Second Deed of Trust.

23.     The representative of the Debtor also testified at the 341 Meeting that the Debtor

had engaged a sales agent and had received offers for the purchase of the Chesapeake Property

that would satisfy the liens on the properties and could close within 45 days of acceptance.

24.     Upon information and belief, the Trustee does not intend to operate the Debtor's

business, is not collecting any rents or otherwise managing the Chesapeake Property, and intends

to sell the Chesapeake Property for the benefit of the estate.

**Grounds For Relief**

25.     It is in the interests of all parties in interest that the Chesapeake Property be sold as

expeditiously as possible.  11 U.S.C. § 704(a).

26.     More than forty-five days have passed since the Debtor represented to the Trustee

that it had identified buyers with purported offers sufficient to pay off the secured creditors.  The

Trustee has not sought court approval of any offer or of an expeditious process for the sale of the

Chesapeake Property.  Given the deteriorating condition of the properties, the risk of loss of value,

and the increasing balances due the City of Chesapeake and Chaparral, the risk to the estate due to

unnecessary delay in the liquidation of the Chesapeake Property outweighs any theoretical benefit

from unrealistic expectations of the Debtor or insider junior lienholders and is not in the interest

of the estate.

27.     Good cause exists to grant Chaparral relief from the Automatic Stay with respect

to the Chesapeake Property pursuant to 11 U.S.C. §362(d)(1), including the lack of adequate

protection of Chaparral's interests in the Chesapeake Property.

28.     Furthermore, by the filing of this case under Chapter 7, the Debtor conceded it is

unable to propose a confirmable plan of reorganization and the Chesapeake Property is not

necessary to an effective reorganization.

29.     Chaparral is entitled to relief under 11 U.S.C. § 362(d)(2).  Given the inability of

the Debtor to reorganize, the value of the Chesapeake Property relative to the liens on the property,

and its deteriorating condition, the Debtor does not have any equity in the Chesapeake Property.

30.     Chaparral is entitled to relief from the stay of any act against single asset real estate

under 11 U.S.C. § 362(d)(3).  The Chesapeake Property is single asset real estate, as defined in 11

U.S.C. § 101(51B).  The Debtor has not paid interest at the contract rate of 6% in all of 2021, and

upon filing of the Case is unable to commence at any time making monthly payments from the

rents, or otherwise.

WHEREFORE, Chaparral Associates, L.C., respectfully requests this Court to enter an Order granting it relief from the Automatic Stay of 11 U.S.C. §362(a) with respect to the property described on Exhibit A to the Proposed Order, attached hereto, on the terms provided in the Proposed Order; waiving the 14-day stay described by Fed. R. Bankr. P. 4001(a)(3); and granting such other and further relief as this Court deems appropriate.

DATE:  August 1, 2021                                    CHAPARRAL ASSOCIATES, L.C.


                                                        By:   _/s/ Ann B. Brogan_____
                                                                  Of Counsel


Ann B. Brogan, VSB No. 25567
Davey & Brogan, P.C.
101 Granby Street, Suite 300
Norfolk, VA 23510
Telephone:  (757) 622-0100
Facsimile:  (757) 622-4924
Email:  ann.brogan@daveybroganpc.com
*Counsel for Chaparral Associates, L.C.*

8

## **CERTIFICATE OF SERVICE**

I certify that on August 1, 2021, a true copy of the foregoing Motion was electronically filed with the Clerk of Court using the CM/ECF system, which will send e-mail notice of and serve such filing on those parties currently listed on the Electronic Mail Notice List, and was mailed via first class mail, postage prepaid to the Debtor and other parties in interest with interests in and to the Chesapeake Property:

CHESAPEAKE HOLDINGS VA, LLC, Debtor
19142 STREAM CROSSING COURT
LEESBURG, VA 20176-6874

NAPOLEON IBIEZUGBE, MANAGER
DESIGNATED DEBTOR REPRESENTATIVE
2129 CHESAPEAKE DRIVE
CHESAPEAKE, VA 23324-2060

BARBARA O. CARRAWAY, CPA, MGT
CITY TREASURER
306 CEDAR ROAD
CHESAPEAKE, VA 23322

CITY OF CHESAPEAKE TREASURER'S OFFICE
PO BOX 16495
CHESAPEAKE VA 23328-6495

ANK ENTERPRISES, LLC,
4313 ROSEDALE
UPPERVILLE, VA 20184-0000

ANK ENTERPRISES
NAHEED G ABBAS, REGISTERED AGENT
10130-B COLVIN RUN RD
GREAT FALLS, VA, 20814 - 0000, USA

F&N ENTERPRISES, LLC
P.O. BOX 8881
RESTON, VA 20195-2781

F&N ENTERPRISES, LLC
FARZAD GHASSEMI, REGISTERED AGENT
8350 GREENSBORO DR., #714
MCLEAN, VA, 22102 -

TUCKER FAMILY, LLC,
1577 SPRING HILL ROAD, SUITE 300A,
VIENNA, VA 22182-2223

TUCKER FAMILY, LLC
LAWRENCE ELIOT TUCKER, REGISTERED AGENT
1224 COLVIN MEADOWS LANE, SUITE 200B,
VIENNA, VA, 22066 – 0000

GIFFORD PROPERTY MANAGEMENT
1547 E LITTLE CREEK RD
NORFOLK, VA 23518-4142

       /s/ *Ann B. Brogan*
       Ann B. Brogan